UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BELLAIRE MULTIFAMILY
PROPERTY MANAGEMENT LLC,
on behalf of itself and all others
similarly situated,

    Plaintiff,

v.                                          Case No. 3:25-cv-244-MMH-PDB

LYNDON SOUTHERN
INSURANCE COMPANY, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On July 3, 2024, Plaintiff, Bellaire Multifamily Property Management LLC (Bellaire), initiated this action by filing a Complaint for Breach of Contract and Declaratory Relief (Doc. 1; Complaint) in the Southern District of Florida against Defendant Lyndon Southern Insurance Company (LSI) and several others (collectively, Defendants). On August 19, 2024, Bellaire filed an amended complaint as of right. See First Amended Complaint for Breach of Contract and Declaratory Relief (Doc. 32; First Amended Complaint). The First Amended Complaint is currently the operative pleading in this action. Defendants filed a joint motion to dismiss the First Amended Complaint. See Defendants' Motion to Dismiss

and Incorporated Memorandum of Law (Doc. 34; Motion to Dismiss), filed on September 3, 2024. Bellaire timely filed a response in opposition to the Motion to Dismiss. See Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. 38; Response to the Motion to Dismiss), filed on September 17, 2024. Later, Bellaire filed a motion for leave to file a second amended complaint. See Plaintiff's Motion for Leave to File Second Amended Complaint and Incorporated Memorandum of Law (Doc. 51; Motion to Amend), filed on November 27, 2024; Second Amended Complaint for Breach of Contract and Declaratory Relief (Doc. 51-1; Proposed Second Amended Complaint), filed on November 27, 2024. Defendants oppose the Motion to Amend. See Defendants' Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 52), filed on December 11, 2024.[1] In due course, without ruling on the above motions, the district court for the Southern District of Florida granted a

---

[1] The Court has reviewed the Response to the Motion to Dismiss, and notes that, in filing the Response, Bellaire violated the Federal Rules of Civil Procedure (Rule(s)). In the filing, Bellaire, in addition to asserting that the Motion to Dismiss should be denied, also includes four pages of argument requesting leave to file a second amended complaint to add a claim for injunctive relief and to substitute the correct corporate parent of one Defendant. See Response to the Motion to Dismiss at 5 n.3; id. at 7–10. A request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., 48 F.4th 1222, 1236 (11th Cir. 2022) ("'[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.'" (quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018)) (alteration in original)); Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009). While Bellaire later made the same requests by motion, see Motion to Amend at 2, 4, Bellaire's counsel is admonished to take heed of the Rules when filing documents in the future.

motion by Defendants to transfer the action to this Court. See Defendants' Motion to Transfer Venue and Incorporated Memorandum of Law (Doc. 35), filed on September 3, 2024; Order Affirming and Adopting in Part Report of Magistrate Judge (Doc. 61), entered on March 4, 2025. Upon review of the filings, the Court is unable to determine whether it has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In the First Amended Complaint and the Proposed Second Amended Complaint, Bellaire contends this Court has jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). First Amended Complaint ¶ 1;

Proposed Second Amended Complaint ¶ 1. For a court to have subject matter jurisdiction under CAFA, the parties' citizenship must be minimally diverse and the amount in controversy, aggregating the claims of the individual class members, must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d). "[A]n unincorporated association [is] deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).[2] "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). "The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." Id. at 808 n.4.

In the First Amended Complaint, Bellaire alleges that LSI has wrongfully failed to pay Bellaire "over 100" claims under an insurance policy (the Policy) that LSI issued to Bellaire. First Amended Complaint ¶¶ 19, 22, 27. According to Bellaire's allegations, the dispute between the parties centers on their differing interpretations of certain provisions in the Policy. Id. ¶¶ 35–40. Bellaire claims that before LSI stopped paying claims under the Policy, LSI paid

---

[2] The Court is satisfied that CAFA's minimal diversity requirement is met. Under CAFA, diversity of citizenship is satisfied when any class member "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, Bellaire has alleged that it is a citizen of Texas and that LSI is a citizen of Delaware and Florida. See First Amended Complaint ¶¶ 3,4.

out "approximately 15 claims … totaling approximately $30,839.83"—an average of about $2,000 per claim. Id. ¶ 24. Extrapolating this average to the "over 100" unpaid claims about which Bellaire now complains, the amount in controversy between Bellaire and Defendants would be at least $200,000. Accordingly, Bellaire's claims, standing alone, are not enough to meet CAFA's amount-in-controversy requirement of $5,000,000.

Bellaire purports to bring this action "on behalf of itself and a Class," defining the class to include "[a]ll persons or entities who were issued a Contractual Liability Insurance Policy for Designated Contracts" by LSI or three of the other named defendants "at any time since July 3, 2019" (Purported Class) Id. ¶ 42. Bellaire also defines a subclass, differing from the Purported Class in that it only includes contracts issued by LSI (Purported Subclass). Id. ¶ 43. Other than noting that LSI "offers insurance in 46 states" and is the largest insurance company owned by its parent company, see id. ¶ 46, Bellaire alleges no other information as to how many entities are in the Purported Class or Purported Subclass, or the number or value of unpaid claims each class member might have. See generally id. Indeed, Bellaire does not even define the Purported Class or Purported Subclass to include only entities with unpaid

claims or allege that any of the class members have unpaid claims at all. See generally id.[3]

The class allegations are insufficient for the Court to determine whether the amount-in-controversy requirement under CAFA is satisfied. Lacking any information as to the potential numerosity of the potential class or the value of the members' claims, the Court cannot discern the aggregate amount in controversy. As such, the Court will direct Bellaire to provide additional documentation to support the exercise of subject matter jurisdiction under CAFA.[4]

---

[3] Notably, in the Proposed Second Amended Complaint, Bellaire seeks to join a second named plaintiff, Lifestyle Communities, Ltd. (Lifestyle). See Proposed Second Amended Complaint ¶ 4. While Bellaire and Lifestyle would allege that Defendants have wrongfully failed to pay claims due under a policy LSI issued to Lifestyle, they do not provide any information as to the value of these claims, either individually or in the aggregate. Id. ¶¶ 42–49. As such, these allegations do not help the Court determine whether subject matter jurisdiction is proper under CAFA.

Also in the Proposed Second Amended Complaint, Bellaire seeks to add a prayer for injunctive relief. Id. ¶ 71. Injunctive relief can count toward the amount in controversy, but not if the value of injunctive relief is overly speculative. See Leonard v. Ent. Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002) ("The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted."); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268–70 (11th Cir. 2000) ("We … conclude that … the value of injunctive relief here is 'too speculative and immeasurable' to be included in determining the amount in controversy."). Bellaire's allegations, at least without further calculation or explanation, are insufficient for the Court to determine the potential value of injunctive relief in this action. Accordingly, it does not appear that granting the Motion to Amend would cure the jurisdictional defects identified in this Order.

[4] In addition to seeking payment for its unpaid claims, Bellaire seeks declaratory relief to clarify the meaning of the disputed provisions in the Policy. See First Amended Complaint ¶¶ 59–62. As with Bellaire's proposal to seek injunctive relief discussed in note 3, the monetary value of this relief is not apparent.

In light of the possibility that the Court will ultimately find that it lacks class action jurisdiction under CAFA, the Court considers whether jurisdiction over Bellaire's individual claims would be appropriate on any other basis. The only readily apparent alternate basis of subject matter jurisdiction for Bellaire's individual claims is diversity jurisdiction under 28 U.S.C. § 1332(a). For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), the parties' citizenship must be completely diverse and the matter in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The complete diversity requirement is more stringent than CAFA's requirement. "[D]iversity jurisdiction is not … available when any plaintiff is a citizen of the same State as any defendant." Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). And unlike under CAFA, an unincorporated entity like Bellaire is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fid. & Guar. Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members [or partners] is determinative of the existence of diversity of citizenship." Id. Therefore, to sufficiently allege the citizenship of an unincorporated entity, a party must list the citizenship of all members or partners of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010); Xaros, 820 F.2d at 1181. Accordingly, the Court will further

direct Bellaire to provide the Court with documentation of the citizenship of Bellaire's members.[5]

Accordingly, it is

**ORDERED:**

No later than **April 3, 2025**, Plaintiff Bellaire Multifamily Property Management LLC shall file documentation demonstrating: (1) as to the class action claims, that the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (2) as to the individual claims, Bellaire's citizenship under 28 U.S.C. § 1332(a).

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of March, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

---

[5] In providing information about the citizenship of its members, Bellaire should take heed of the fact that the citizenship of a natural person under § 1332(a) is based on an individual's domicile, which requires both residence and "'an intention to remain there indefinitely … .'" See Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002)); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). A corporation, on the other hand, is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

- 8 -

lc33

Copies to:
Counsel of Record